UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Jeffrey M. Smith

   v.                                        Civil No. 14-cv-423-SM

William L. Wrenn et al.[1]

**REPORT AND RECOMMENDATION**

Before the court is the complaint (doc. no. 1) filed by New Hampshire State Prison ("NHSP") inmate Jeffrey M. Smith. The pleadings are before this magistrate judge for preliminary review under LR 4.3(d)(1) and 28 U.S.C. § 1915A(a).

**Preliminary Review Standard**

The court may dismiss claims asserted in an inmate's complaint if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim, or the action is frivolous or malicious. See 28 U.S.C. § 1915A(b). In determining whether a pro se complaint

---

[1]Defendants named in the complaint are New Hampshire Department of Corrections Commissioner William Wrenn; New Hampshire State Prison ("NHSP") Unit Manager Bob McGrath; NHSP Cpl. Steven Isbelle; NHSP Nurse Brad Bowden; NHSP Nurse Cindy Chapman; NHSP Cpl. Forcer, whose first name is unknown; and an unnamed NHSP corporal.

states a claim, the court must construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Background

Smith alleges that on August 7, 2014, he was on suicide watch at the NHSP because he had put an object into his rectum and overdosed on Motrin. Cpl. Isbelle, Cpl. Forcer, an unnamed NHSP corporal, and Nurses Chapman and Bowden, each denied Smith bathroom access on that date, Smith alleges, and the nurses forced him to urinate into a cup, and to transfer his feces once by hand into a cup for inspection.

Smith further alleges that he was on suicide watch for seven days, and during that time, he was denied shower access and a change of clothing, even after he vomited. He alleges he spent five days in a cell exposed to his own vomit on the floor.

Smith asserts that at some point, Unit Manager Bob McGrath, who does not like transgender inmates, issued Smith a disciplinary report. When Smith asked whether McGrath intended to send Smith to maximum security, McGrath provided an answer that Smith interpreted as a threat that, unless Smith pleaded guilty to the disciplinary infraction, McGrath would do so. Smith therefore pleaded guilty.

**Discussion**

I.  Unsanitary Conditions

Smith asserts that defendants violated his Eighth Amendment right not to be subject to cruel and unusual punishment by housing him in unsanitary conditions. To establish such an Eighth Amendment violation, Smith must assert facts to demonstrate that he was incarcerated "under conditions posing a substantial risk of serious harm," and that the involved prison officials knew of and disregarded the excessive risk to his safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Smith has failed to state a claim relating to his inability to shower or change for up to seven days, the officers' and nurses' interference with his access to a bathroom, his use of a cup to collect urine, his exposure to his own vomit on the

floor, and his direct contact with his feces on one occasion. None of those allegations indicates that any defendant was subjectively aware of any substantial risk of serious harm to Smith arising from those circumstances.  Accordingly, the district judge should dismiss the Eighth Amendment claims arising out of those facts.

II.  Disciplinary Report

Smith has alleged that Unit Manager McGrath, who has "something against transgender inmates," threatened Smith with a transfer to maximum security if Smith did not plead guilty to an unspecified disciplinary offense.  The court construes those allegations in the complaint as intending to state claims asserting violations of Smith's Fourteenth Amendment due process claim and equal protection rights.

Smith has failed to state a due process claim upon which relief can be granted, as nothing in the complaint suggests that the sanction for the disciplinary charge to which Smith pleaded guilty imposed any atypical or substantial hardship on Smith, or otherwise exceeded the scope of his sentence.  Cf. Sandin v. Conner, 515 U.S. 472, 484 (1995) (inmate's due process rights not implicated where disciplinary sanction does not "impose[] atypical and significant hardship on the inmate in relation to

the ordinary incidents of prison life"). Also, Smith's assertion regarding McGrath's attitude towards transgender inmates fails to state a claim, as Smith has not alleged facts showing that the disciplinary report was unfounded, or that McGrath treated Smith worse than any other similarly situated inmate, because of McGrath's dislike of transgender inmates. Cf. Rocket Learning, Inc. v. Rivera-Sánchez, 715 F.3d 1, 10 (1st Cir. 2013) (to state equal protection claim, plaintiff must allege facts to show that he was treated less favorably than others similarly-situated, because of improper, class-based, discrimination). Accordingly, the claims asserted against McGrath should be dismissed.

III. Supervisory Liability

Supervisors may be held liable under 42 U.S.C. § 1983 only for their own actions or inactions, amounting to deliberate indifference. See Grajales v. P.R. Ports Auth., 682 F.3d 40, 47 (1st Cir. 2012). Nothing alleged in the complaint establishes any basis for holding Department of Corrections Commissioner William Wrenn liable for any of the harms Smith has alleged. Accordingly, the district judge should dismiss claims asserted against Wrenn and should drop him from this action.

**Conclusion**

For the foregoing reasons, the district judge should dismiss all of Smith's claims. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

Andrea K. Johnstone
United States Magistrate Judge

December 1, 2014

cc:   Jeffrey M. Smith, pro se