**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Jeffrey M. Smith

    v.                                        Civil No. 14-cv-423-SM

William L. Wrenn et al.[1]

**REPORT AND RECOMMENDATION**

A December 1, 2014, Report and Recommendation (doc. no. 7) issued in this case recommended dismissal of all of the claims asserted in the complaint (doc. no. 1).  In the complaint, plaintiff Jeffrey Smith had alleged, among other things, that defendants New Hampshire Department of Corrections Commissioner William Wrenn; New Hampshire State Prison ("NHSP") Unit Manager Bob McGrath; NHSP Cpl. Steven Isbelle; NHSP Nurse Brad Bowden; NHSP Nurse Cindy Chapman; NHSP Cpl. Forcer, whose first name is unknown; and an unnamed NHSP corporal had violated plaintiff's Eighth Amendment rights by exposing him to unsanitary conditions

---

[1]Defendants named in the complaint are New Hampshire Department of Corrections Commissioner William Wrenn; New Hampshire State Prison ("NHSP") Unit Manager Bob McGrath; NHSP Cpl. Steven Isbelle; NHSP Nurse Brad Bowden; NHSP Nurse Cindy Chapman; NHSP Cpl. Forcer, whose first name is unknown ("FNU"); and an unnamed NHSP corporal.  Defendants named in the complaint addendum (doc. no. 10) include a subset of those individuals, as well as Officer FNU Inman.

of confinement for five days, after Smith attempted suicide at the NHSP.  Smith objected to that Report and Recommendation.

After reviewing Smith's objection, this court, in its December 11, 2014, Order (doc. no. 9), granted Smith leave to file an amended complaint, adding allegations relating to the unsanitary conditions of confinement claim.  In that Order (doc. no. 9), this court specifically directed Smith to plead facts to demonstrate that he faced a substantial risk of serious harm arising from the contamination in his cell and/or on his person.

Presently before the court is Smith's response to that Order, which the clerk has docketed as an addendum to the complaint (doc. no. 10).  Applying the same legal standard that was applied in the preliminary review of Smith's original complaint, see Dec. 1, 2014, Report and Recommendation (doc. no. 7), this court concludes that plaintiff has failed to allege facts showing both that he was exposed to a substantial risk of serious harm, and that defendants were subjectively aware of the risk, relating to Smith's lack of access to charcoal to treat an overdose of ibuprofen, the failure to grant him shower access after he vomited, his exposure to his own vomit in his cell for several days, and the decision not to permit him to wash his hands before he ate his dinner, while he was on suicide watch.

2

The facts alleged in Smith's filings (doc. nos. 1, 8, and 10) do not state a claim upon which relief can be granted under 42 U.S.C. § 1983, for a violation of Smith's rights under the Eighth Amendment.  For that reason, the district judge should dismiss this action.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

April 7, 2015

cc:  Jeffrey M. Smith, pro se